UNITED STATES of America

v.

Nicholas ZOMPA, Defendant

No. CRIM.04–46–P–S–01.

United States District Court,
D. Maine.

July 26, 2004.

Michael J. Conley, Office of the U.S. Attorney, Portland, ME, for USA.

Robert J. Ruffner, Vincent, Kantz & Ruffner, Portland, ME, for Nicholas Zompa.

## SENTENCING MEMORANDUM

SINGAL, Chief Judge.

At a sentencing hearing held in this case today, the Court sentenced Defendant Nicholas Zompa in light of the recent decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Applying *Blakely* to the facts presented, the Court ruled that it could not enhance the Defendant's offense level under the United States Sentencing Guidelines ("USSG" or the Guidelines) by using the preponderance of the evidence standard to make a judicial finding of fact as to drug quantity. In light of the flurry of judicial activity surrounding the *Blakely* decision and the Government's suggestion that it may well appeal the sentence in this case, the Court offers the following brief written explanation of its interpretation and application of *Blakely v. Washington* to supplement the record created at today's sentencing hearing.

Although the Government has argued in its sentencing memorandum that *Blakely*

*v. Washington* does not apply to the Guidelines, the Court disagrees. As the Seventh Circuit recently held in *Booker* and the Ninth Circuit held just last week in *Ameline* and as Judge Hornby pronounced in *United States v. Fanfan*, this Court also holds that the reasoning of *Blakely* applies to the Guidelines. *See United States v. Booker*, 375 F.3d 508, 510–15 (7th Cir.2004); *United States v. Ameline*, 376 F.3d 967, 975–978, 2004 WL 1635808 at *6–8 (9th Cir.2004); *United States v. Fanfan*, No. 03–47–P–H (D. Me. June 28, 2004), transcript of sentencing hearing available at http://www.med.uscourts.gov/Site/opinions/hornby/2004/.

In reaching this holding, this Court has taken due notice of the pronouncement of the Supreme Court back in 1803 in the well known case of *Marbury v. Madison*, 5 U.S. 137, 1 Cranch 137, 2 L.Ed. 60 (1803). In *Marbury*, the Court explained:

It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the courts must decide on the operation of each.

So if a law be in opposition to the constitution; if both the law and the constitution apply to a particular case, so that the court must either decide that case conformably to the law, disregarding the constitution; or conformably to the constitution, disregarding the law; the court must determine which of these conflicting rules governs the case. This is of the very essence of judicial duty.

If then the courts are to regard the constitution; and the constitution is superior to any ordinary act of the legislature; the constitution, and not such ordinary act, must govern the case to which they both apply.

*Id.* at 177–78. It is in light of this fundamental principle that this Court must resolve the interaction between *Blakely*'s interpretation of the Sixth Amendment and the Sentencing Guidelines based on the facts presented by the Defendant who now stands before the Court.

██ In light of the Supreme Court's decision in *Blakely* and the circumstances presented by this case, the Court finds that any enhancement of Defendant's base offense level based on my finding as to a particular drug quantity would violate the Defendant's right to be sentenced based upon only those facts that he has admitted or that the Government has proven beyond a reasonable doubt. The majority opinion in *Blakely* makes clear that my authority to sentence any defendant "derives wholly from the jury's verdict" or, in the case of a plea, derives wholly from the facts that the defendant admits in conjunction with pleading guilty. *Blakely*, —— U.S. at ——, 124 S.Ct. at 2539. Thus, per the Supreme Court's announcement in *Blakely*, the Sixth Amendment does not allow this Court to enhance this Defendant's sentencing range based on a judicial finding of facts by a preponderance of the evidence.

The Court must next address the Government's "severability argument." The Government contends that the Guidelines are not severable and that if this Court is unwilling or unable to apply enhancements as a result of *Blakely*, the entire USSG must fall. In his sentencing memorandum, Defendant argues that the Guidelines are, in fact, severable since the only portion of the guidelines that cannot survive *Blakely* is USSG Section 6A1.3 and more specifically, the Commentary for that section in which the Sentencing Commission endorses the use of a preponderance of the evidence standard to resolve disputed factors.

■ This Court does not believe that the *Blakely* decision renders the USSG completely unconstitutional. Rather, the Court concludes that the unconstitutional aspects of the Guidelines (i.e. judicial fact finding utilizing a preponderance of the evidence standard as a procedural vehicle for sentence enhancement) can be severed from the rest of the Guidelines. With these unconstitutional portions excised, the Guidelines can still serve their intended purpose of promoting honesty, uniformity and proportionality in sentencing. *See Ameline,* at 981, 2004 WL 1635808 at *11. Thus, while acknowledging that the courts have reached different conclusions on this difficult question of the severability of the USSG, this Court, like the Ninth Circuit, believes that "[r]ather than undermining Congress' objectives, severance facilitates them." *Id.* Therefore, in the absence of a decision clearly pronouncing the USSG unconstitutional, the Court believes it is obliged to continue applying the Guidelines in accordance with the Sixth Amendment limits pronounced by the Supreme Court in *Blakely.* Thus, to the extent that the Government includes drug quantity or any other sentencing guideline enhancements in an indictment and offers factual proof that supports those enhancements beyond a reasonable doubt, the Court remains generally bound by the sentencing guideline range that results from inclusion of those enhancements.

In this case, the drug quantity enhancement was not included in the Information to which the Defendant pled guilty, nor did the Defendant admit to distributing any particular amount of cocaine base. Multiple constitutional principles, including Due Process and Double Jeopardy, may have prevented the Government from now seeking to prove beyond a reasonable doubt that this Defendant can be held accountable for distributing 15.3 grams of cocaine base. In any event, the Government has not asked this Court to empanel a "sentencing jury" or suggested that they desire an opportunity to prove the drug quantity included in the presentence report beyond a reasonable doubt.

This Court has sentenced the Defendant in accordance with the above ruling and based upon the sentencing guideline range that is dictated by the facts admitted by the Defendant in conjunction with his guilty plea.

The Government's Sentencing Memorandum also included a request that this Court state alternate sentences on the record and thereby rule what Mr. Zompa's sentence would have been "under the Guidelines without regard to Blakely" and also rule what sentence it would impose "if the Court has discretion to impose sentence within the statutory range" (Gov't Sentencing Mem. at 19.) The Court certainly appreciates that such a statement of alternative sentence *might* be useful *if* the Supreme Court ultimately rules either that *Blakely* has no effect on the Guidelines or that the Guidelines are unconstitutional. However, this Court is not inclined—nor does it believe it is allowed—to render hypothetical sentences. Rather, the Court believes that any other sentence it might render in this case is best determined at a later date when the Court can fully consider any nuances of subsequent appellate decisions that might require resentencing. As with deciding the question posed by any case or controversy, a sentence in a criminal case is best rendered in light of the "clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests." *United States v. Fruehauf,* 365 U.S. 146, 157, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961). Thus, the Court will DENY the Government's re-

quest for statement of alternative sentences.

Based on the presentence report and the fact that Defendant did not object to the contents of that report, the Court has stated on the record that it finds by a preponderance of the evidence that Mr. Zompa could be held accountable for distribution of 15.3 grams of cocaine base. However, as explained above and at the sentencing hearing, the Court ultimately concludes that this factual finding cannot affect the sentence imposed upon Mr. Zompa in light of *Blakely v. Washington.*

SO ORDERED.