Robert ORCHARD

v.

**UNITED STATES of America.**

No. CRIM.02–37–B–S, CIV.04–34–B–S.

United States District Court,
D. Maine.

Sept. 2, 2004.

Robert Orchard, FCI Schulykill, Minersville, PA, Pro se.

Margaret D. McGaughey, Office of the U.S. Attorney, District of Maine, Portland, ME, for United States of America, Defendant.

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, Chief Judge.

After pleading guilty to various counts relating to the distribution of controlled substances and unlawful possession and use of firearms, Petitioner Robert Orchard was sentenced on March 10, 2003 to a total

term of 186 months of incarceration, followed by four years of supervised release. Now before the Court is Petitioner's *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, Petitioner asserts that he was deprived of effective assistance of counsel in three respects, and requests an extension of time to review the transcript of his sentencing proceeding for additional issues to present as part of his motion.

On June 23, 2004, the United States Magistrate Judge filed her Recommended Decision (Docket # 8), recommending that the Court deny the motion in its entirety. Petitioner filed his objection to the Recommended Decision (Docket # 9) on July 6, 2004, and supplemented his objection by letter (Docket # 10) on July 22, 2004. The Government responded to Petitioner's objections with a document titled "Supplemental Government Response to Motion to Vacate, Set Aside, or Correct Sentence," (Docket # 11), filed August 4, 2004. Petitioner replied with a document titled "Supplemental Response to the Governments [sic] Supplemental Reply" (Docket # 12), filed August 11, 2004.

This Court has reviewed and considered the Magistrate Judge's Recommended Decision together with the entire record, has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and has determined that no further proceeding is necessary.

It is, however, appropriate at this juncture to address the new issues presented by Petitioner's objections to the Recommended Decision. In his letter supplementing his objections to the Recommended Decision, Petitioner argues that the Supreme Court's recent decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), renders the sentence imposed unconstitutional. Petitioner's *Blakely* arguments are unsuccessful on two grounds. First, the claim was procedurally defaulted. Second, even if the claim had not been defaulted, the requirements of *Blakely* are not retroactive.

■ Petitioner first argued that his sentence violates the Sixth Amendment right to trial by jury in the letter supplementing his objection to the magistrate judge's recommended decision (Docket # 10). A litigant is not permitted to raise new issues to the district judge in his objections to the recommendation of the magistrate judge. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990–91 (1st Cir.1988). Moreover, the letter was filed on July 22, 2004, well beyond the ten-day period for filing objections as specified in Federal Rule of Civil Procedure 72(b). On this basis alone, the Court concludes that Petitioner's claims are procedurally defaulted.

If that were not enough to preclude Petitioner's claims, Petitioner did not make a direct appeal of his sentence, and habeas review "will not be allowed to do service for an appeal." *Bousley v. U.S.,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quotation marks omitted). By failing to challenge the validity of his sentence on appeal, Petitioner procedurally defaulted his Sixth Amendment claim. *See id.* "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622, 118 S.Ct. 1604 (citations omitted). Petitioner does not assert that he is actually innocent (in fact, in the exhibits and supporting notes to his motion he expressly states that he bought and

sold drugs, and includes a diagram of the distribution scheme in which he was a participant). Nor can he demonstrate cause for his failure to raise the claim on appeal: his is not the type of claim that is so novel that its legal basis is not reasonably available, *cf. Berthoff v. U.S.*, 308 F.3d 124, 128 n. 3 (1st Cir.2002) (indicating that *Apprendi* decision was not too novel to be subject to the procedural default doctrine), and his counsel's failure to appeal on this ground does not fall below an objective standard of reasonableness so as to constitute ineffective assistance of counsel, *cf. Cofske v. U.S.*, 290 F.3d 437, 443–45 (1st Cir.2002) (concluding that counsel was not ineffective for failure to object to sentencing calculation where the law on issue was unclear).

■ Even if Petitioner's claim were not procedurally defaulted, his sentence would remain unaffected by the *Blakely* decision,[1] despite the fact that this Court has held that *Blakely* prohibits this Court from "enhanc[ing] a d]efendant's sentencing range based on a judicial finding of facts by a preponderance of the evidence," *see U.S. v. Zompa*, 326 F.Supp.2d 176, 177 (D.Me.2004). The *Blakely* opinion explains that its holding is an application of the rule expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See Blakely,* —— U.S. at ——, 124 S.Ct. at 2536. The First Circuit has clearly held that "*Apprendi* prescribes a new rule of criminal procedure, and that [*Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) ] does not permit inferior federal courts to apply the *Apprendi* rule retroactively to cases on collateral review." *Sepulveda v. U.S.*, 330 F.3d 55, 63 (1st Cir. 2003); *cf. Schriro v. Summerlin,* —— U.S. ——, ——, 124 S.Ct. 2519, 2526, 159

L.Ed.2d 442 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which applied *Apprendi* to require that aggravating factors leading to the imposition of a death sentence not otherwise available must be found by a jury beyond a reasonable doubt, was "a new procedural rule that does not apply retroactively to cases already final on direct review"). Applying the reasoning set forth in *Sepulveda* and *Summerlin*, the extension of the *Apprendi* rule announced in *Blakely* is a rule of criminal procedure that may not be applied retroactively. Other courts that have addressed the issue have agreed. *See, e.g., Garcia v. U.S.*, No. 04–CV–0465, 2004 WL 1752588 at *6 (N.D.N.Y. Aug.4, 2004); *U.S. v. Stoltz*, 325 F.Supp.2d 982, 987 (D.Minn.2004); *Rosario–Dominguez*, No. 03 Civ. 4675 JSR GWG, 99CR.73 AGS, 2004 WL 1814021 at *9 n. 3 (S.D.N.Y. Aug.16, 2004); *U.S. v. Beatty*, 103 Fed.Appx. 785 (4th Cir.2004) (unpublished).

It is therefore *ORDERED* that the Recommended Decision of the Magistrate Judge is hereby *AFFIRMED*.

---

1. The Court does not address the argument presented by the Government in Docket # 11 that the sentencing enhancements are of no

import because Petitioner "achieved" a greater base offense level by virtue of having been found to be an armed career criminal.