**UNITED STATES of America**

v.

**Josh BROWN a/k/a Joshua Brown, Defendant**

**No. CRIM.04–31–P–H.**

United States District Court, D. Maine.

Sept. 10, 2004.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

HORNBY, District Judge.

■ In this case, the grand jury returned its initial indictment before the Supreme Court decided *Blakely v. Washington*, ── U.S. ──, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and before this District held that *Blakely* applies to federal sentencing guidelines, *see Fanfan v. United States*, 2004 WL 1723114 (D.Me. June 28, 2004); *United States v. Zompa*, 326 F.Supp.2d 176 (D.Me.2004). As a result of those decisions, only facts stipulated by the defendant or found by a jury beyond a reasonable doubt[1] can support federal sentencing enhancements. Subsequently, the grand jury returned a Superseding Indictment that varied from the original indictment by adding allegations that, if found by a jury beyond a reasonable doubt, would support Guideline sentencing enhancements. The defendant moves to dismiss the Superseding Indictment on two grounds: first, that it is barred by the Speedy Trial Act because it issued more than thirty days after he was arraigned on the initial indictment; and second, because the prosecutor allegedly misled him into delaying his guilty plea so that she would have time to get the Grand Jury to issue the Superseding Indictment. The motion is **DENIED**.

### FACTS

The defendant was not arrested or summonsed. Instead, after being indicted on March 10, 2004, he turned up voluntarily for his arraignment on March 15, 2004. There he pleaded not guilty to all counts of the indictment, and the Magistrate Judge released him on an unsecured bond to the

Helene Kazanjian, Office of the United States Attorney, Portland, ME, for United States of America.

Daniel G. Lilley, Christian C. Foster, Daniel G. Lilley Law Offices, P.A., Portland, ME, for Josh Brown a/k/a Joshua Brown, Defendant.

1. Or, found by a judge by a preponderance of the evidence, if the defendant consents to that procedure. *Blakely*, ── U.S. at ──, 124 S.Ct. at 2541.

third-party custody of his parents. After some motion practice, the defendant decided to change his plea to guilty, and a Rule 11 hearing was scheduled for July 7, 2004. On June 24 the Supreme Court decided *Blakely,* and on June 28, 2004, I held in *Fanfan* that *Blakely* applied to the federal sentencing guidelines. On July 2, 2004, the government moved to delay the July 7, 2004, change of plea to give it time "to consider the effect that [*Blakely* ] has on this case and brief the related legal issues." The defendant's lawyer was unaware of my June 28 ruling in *Fanfan* and agreed to the delay. The motion was granted and the change of plea was rescheduled for August 11, 2004. On July 28, the Grand Jury issued its Superseding Indictment, containing the sentencing allegations that have provoked the motion to dismiss.

### Speedy Trial Act

■ The Speedy Trial Act requires that an information or indictment "be filed within thirty days from the date on which [the defendant] was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b) (2000). Although I am uncertain whether the defendant's status here (appearing without arrest or summons to be arraigned and then released to his parents' custody) qualifies as being "arrested or served with a summons in connection with such charges,"[2] I will assume for purposes of argument that the Magistrate Judge's Release Order that

conditioned his release upon, among other things, processing by the U.S. Marshal, amounts to an arrest on March 15, 2004. The Superseding Indictment was well over thirty days later.

Nevertheless, the First Circuit has held that a superseding indictment containing charges identical to those in the original indictment and based on identical facts is not subject to the thirty-day limit. *United States v. Mitchell,* 723 F.2d 1040, 1044–45 (1st Cir.1983). Other circuits have permitted a superseding indictment after the thirty-day limit if the superseding indictment contains different charges than the original indictment. *United States v. Orbino,* 981 F.2d 1035, 1037 (9th Cir.1992); *United States v. Castellano,* 848 F.2d 63, 65 (5th Cir.1988). The defendant argues that this Superseding Indictment fits neither of those two categories. Instead, he contends, it is what the Fifth Circuit terms a "gilded charge" that is subject to the original thirty-day time limit.

■ A gilded charge exists "[w]here 'a subsequent charge merely "gilds" the initial charge filed against an individual and the different accusatorial dates between the two charges are not reasonably explicable.'" *United States v. Bailey,* 111 F.3d 1229, 1236 (5th Cir.1997) (citation omitted). I conclude that the Superseding Indictment against this defendant does not fit the Fifth Circuit's definition of gilding because the different accusatorial dates here are "reasonably explicable." They are

**2.** *See United States v. Piggie,* 316 F.3d 789, 795 (8th Cir.2003) (stating that the Speedy Trial Act "does not define 'arrest' nor does it purport to give 'arrest' anything other than its ordinary meaning"); *Black's Law Dictionary* 116 (8th ed.2004) (defining "arrest" as "[t]he taking or keeping of a person in custody by legal authority, especially in response to a criminal charge; specifically the apprehension of someone for the purpose of securing the administration of the law, especially of bringing that person before a court"). The

prosecution here began with an indictment, not an arrest. *See United States v. Meade,* 110 F.3d 190, 201, 200 (1st Cir.1997) ("Because the second prosecution commenced with an indictment, not an arrest, it simply did not trigger § 3161(b)'s arrest-to-indictment limitation" and thus did not implicate the purpose of § 3161(b), which "is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself.")

based solely upon the Supreme Court's intervening decision in *Blakely* and this district's application of that decision to the federal sentencing guidelines. I conclude therefore that if the First Circuit does choose to follow the Fifth Circuit's gilding analysis, *see Acha v. United States*, 910 F.2d 28, 30 (1st Cir.1990), this Superseding Indictment does not qualify for dismissal.[3] The defendant was completely apprised of the nature of the charge against him when he was first indicted. It was *Blakely*, and this Court's interpretation of *Blakely*, that changed the legal landscape and gave the defendant cause to believe he might be able to avoid certain sentencing enhancements. The Superseding Indictment did no more than restore the previous possibilities as near as they could be, given *Blakely*. Whether this be considered the same charge or a different charge, it is not precluded by the thirty-day limit.[4]

### FAIRNESS

█ It is understandable that the defendant would prefer to plead and be sentenced under the original indictment. Under this District's interpretation of *Blakely*, without the Superseding Indictment his probable sentencing range is lower than he confronted pre-*Blakely*. But there was no prosecutorial misconduct or unfairness in the government's motion for a continuance. Certainly the Court was not misled. I accept the defendant's lawyer's assertion that he would not have consented to delay of the change of plea had he known of my *Fanfan* ruling. But I would have granted the government's motion to continue the change of plea even if it had been contested. I proceeded to sentence in *Fanfan* because Fanfan was serving his federal time in a local jail, having been convicted by a jury almost nine months earlier. Fanfan's sentencing had already been substantially delayed for unrelated reasons, I had received information from the Clerk's Office that the government was not seeking a further delay in light of *Blakely*,[5] and Fanfan himself affirmatively opposed any further delay. His family was present in court for the sentencing and his out-of-state lawyer had traveled here from Massachusetts. The *Fanfan* jury verdict was a *fait accompli* that could not be altered, and the parties and the court simply had to deal with its consequences in light of the new principles announced in *Blakely*.

Unlike Fanfan, this defendant was not incarcerated and had not yet even been convicted at the time of the Superseding Indictment (or now). Thus, I would certainly have allowed the government time to consider whether it wanted to go for-

3. If I am incorrect and the Superseding Indictment is subject to dismissal under the Speedy Trial Act, I would certainly make any dismissal without prejudice, *see* 18 U.S.C. § 3162(a)(1), in light of the circumstances that required the government to obtain the Superseding Indictment.

4. I do not enter the controversy whether guideline sentencing enhancements are really additional elements of the offense in the post-*Apprendi*, post-*Blakely* world. If they are, then arguably this is a new charge permissible under the line of authority the defendant cites from the Fifth and Ninth circuits. This case is distinguishable from the Speedy Trial Act dismissal in *United States v. Gomez–Olme-*

da, 296 F.Supp.2d 71, 77–81 (D.P.R.2003), where the government identified the case early on as a death penalty case, but delayed filing the superseding indictment with the necessary additional allegations for almost four months. *Id.* at 81 n. 5. In *United States v. Martinez*, 268 F.Supp.2d 70 (D.Mass.2003), the charge the court dismissed under the Speedy Trial Act likewise did not result from an intervening Supreme Court decision.

5. I later was informed by the Clerk's Office that the prosecutor assigned to the case was out of the office and that the lack of a request for further delay was based upon conversations with her assistant.

**150**

ward with the proposed guilty plea[6] or whether there was anything it could do in light of *Blakely* to enhance its sentencing position. An effort to "consider the effect" *Blakely* had on this case certainly includes considering a superseding indictment. There was neither misconduct nor unfairness.

For these reasons, the motion to dismiss is DENIED.

So ORDERED.

---

**6.** The court's docket does not disclose whether there was to be a plea agreement, and I have no independent recollection.