Lisa K. LILLY, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 1:04CV00079.

United States District Court,
W.D. Virginia,
Abingdon Division.

Oct. 28, 2004.

Dennis E. Jones, Dennis E. Jones & Associates, P.C., Lebanon, VA, for Petitioner.

## OPINION

JONES, Chief Judge.

Petitioner Lisa K. Lilly, a federal inmate proceeding by counsel, brings this action to vacate, set aside, or correct sentence pursuant to 28 U.S.C.A. § 2255 (West Supp.2004). In her petition, Lilly requests re-sentencing as a result of the Supreme Court's opinion in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Specifically, Lilly argues that the sentencing judge's finding by a preponderance of the evidence that Lilly used a firearm in the commission of the crime, which resulted in a two-level enhancement, violated her Sixth Amendment right to trial by jury. This court sentenced Lilly to thirty-seven months imprisonment on July 15, 2003. Lilly asserts that without the firearm enhancement, her sentence could be no more than thirty months.

The United States Court of Appeals for the Fourth Circuit, sitting *en banc,* has declined to apply *Blakely* to the United States Sentencing Guidelines ("USSG"). *United States v. Hammoud,* 378 F.3d 426, 426 (4th Cir.2004) (order), *petition for cert. filed,* No. 03–4253 (U.S. Aug. 6, 2004), and 381 F.3d 316, 349–51 (4th Cir.2004) (opinion). Therefore, at least within the Fourth Circuit and until such a time as the Supreme Court holds the federal guidelines unconstitutional, sentences under the USSG are not impacted by *Blakely* in this circuit. Therefore, I must deny Lilly's motion for re-sentencing. Alternatively, I find that even if *Blakely* is held applicable to the USSG, it does not apply retroactively to Lilly's case.

## I

Pursuant to a written plea agreement, Lilly pleaded guilty to possession with intent to distribute and distribution of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and to the forfeiture of $580,000 in United States currency and certain firearms, pursuant to 21 U.S.C.A. § 853 (West 1999). The court accepted Lilly's guilty plea and directed the preparation of a presentence investigation report ("PSI"). The probation officer completed the PSI on June 19, 2003.

The PSI recommended a two-level increase to the offense level for use of a firearm in connection with the crime. This created a total offense level of nineteen with a criminal history category of I, resulting in a guideline range of thirty to thirty-seven months imprisonment. Lilly filed objections to the PSI, including an objection to the firearm enhancement, claiming that the firearms were obtained prior to the beginning of the illegal activities and were for the purpose of guarding the large quantities of money associated with Lilly's legitimate business.

This court accepted the recommendations in the PSI and sentenced Lilly to thirty-seven months, the top of the guideline range, by judgment entered on July 15, 2003. Lilly did not appeal. The instant motion, filed in this court on July 15, 2004, is Lilly's first motion under § 2255.

## II

Lilly's petition conforms to 28 U.S.C.A. § 2242 (West 1994), which outlines the requirements for a petition for a writ of habeas corpus. In addition, Lilly meets the requirements of 28 U.S.C.A. § 2255 because she was in custody pursuant to a judgment of this court at the time of the petition, and remains in custody to this day. Lilly's petition is timely in that Lilly filed it within the one-year limitation period set forth in § 2255.

### A

Lilly's case is limited to a single issue. Lilly claims that the two-point increase to the offense level (for use of a weapon in connection with the underlying crime) was found by the judge under a preponderance-of-the-evidence standard, violating the Sixth Amendment's right to trial by jury as announced in *Blakely*. Lilly argues that *Blakely* clarified the Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that any fact used to enhance a defendant's sentence must be found beyond a reasonable doubt by a jury or admitted by the defendant. Lilly notes that without the increase, her guideline range of imprisonment would be twenty-four to thirty months.

In *Apprendi*, the Court held that a judge may not increase a sentence above the statutory maximum unless the sentence is based on the factual findings of the jury or the admissions of the defendant. *See* 530 U.S. at 483, 120 S.Ct. 2348. In *Blakely*, the Court held that for *Apprendi* purposes, the statutory maximum is not the maximum possible sentence for the crime but the maximum sentence that a judge could impose based on the facts that were found by a jury beyond a reasonable doubt or admitted by the defendant. *Blakely*, —— U.S. at ——, 124 S.Ct. at 2537. Specifically, this meant that in a system in which the maximum penalty for a crime is ten years but mandatory guidelines limit the judge's discretion in sentencing, the statutory maximum is the maximum under the guidelines and not the maximum possible under the statute absent the guidelines. *Id.* at 2537–38.

Although similarities exist between the USSG and the state of Washington's sen-

tencing guidelines that the *Blakely* Court found violated the Sixth Amendment, the Court in *Blakely* specifically refused to address the constitutionality of the USSG. *See id.* at 2538 n. 9 (stating that "[t]he Federal Guidelines are not before us, and we express no opinion on them"). As noted, the Fourth Circuit in *Hammoud* directed the district courts in this circuit to continue to sentence under the USSG without regard to *Blakely*. Because Lilly requests this court to ignore binding precedent in this circuit, her motion for resentencing must be denied.

### B

█ In light of the sharp conflict between the views espoused by the various courts of appeals[1] and the likelihood of clarification by the Supreme Court,[2] I note that even if the Supreme Court were to hold that the USSG violate the Sixth Amendment, such a rule would not be retroactively applied to cases on collateral review. Retroactivity is applicable to cases in which a criminal defendant has been found guilty and her conviction has become final prior to announcement of the new rule. A conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari ha[s] elapsed." *Teague v. Lane,* 489 U.S. 288, 295, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (internal quotation reference omitted).

There are three separate scenarios in which retroactivity comes into play when the Supreme Court announces a new rule. In the first instance, as here, the petitioner's conviction has become final prior to the Supreme Court announcing a new rule and the petitioner files a timely motion under § 2255 claiming that the new rule should be applied retroactively to her case. In the second instance, a petitioner's conviction becomes final and she does not file a § 2255 petition within the one-year limitation period. After the limitation period expires, the Supreme Court announces a new rule and the petitioner wishes to file a motion under § 2255 claiming a violation of the new rule. In the third instance, the petitioner's conviction has become final and she has filed an initial motion under § 2255, which is denied prior to the Supreme Court announcing the new rule. The petitioner wishes to file a second or successive petition claiming a violation of the new rule but must first obtain a certificate of appealability. *See* 28 U.S.C.A. § 2255 para. 8.

In any case in which a petitioner wishes to make a claim based on a case decided by the Supreme Court after her conviction became final, the petitioner must show that the Supreme Court decision an-

1. *Compare United States v. Koch,* 383 F.3d 436 (6th Cir.2004) (declining to apply *Blakely* to the USSG), *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004) (same), *United States v. Pineiro,* 377 F.3d 464 (5th Cir.2004) (same), *United States v. Reese,* 382 F.3d 1308 (11th Cir.2004) (determining that a *Blakely* error is not "plain" under plain-error analysis), *with United States v. Booker,* 375 F.3d 508 (7th Cir.2004) (holding that the USSG violate the Sixth Amendment under *Blakely* ), *cert. granted,* — U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), *United States v. Montgomery,* 2004 U.S.App. LEXIS 14384, 2004 WL 1562904 (6th Cir. July 14, 2004) (same), *vacated and set for rehearing en banc,* 2004 U.S.App. LEXIS 15017, 2004 WL 1562904 (6th Cir. July 19, 2004), *United States v. Ameline,* 376 F.3d 967 (9th Cir.2004) (same), *United States v. Mooney,* 2004 U.S.App. LEXIS 15301, 2004 WL 1636960 (8th Cir. July 23, 2004) (same), *vacated and set for rehearing en banc,* 2004 U.S.App. LEXIS 16302, 2004 WL 1636960 (8th Cir. Aug. 6, 2004).

2. *United States v. Booker* and *United States v. Fanfan,* — U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004), were argued before the Supreme Court on October 4, 2004.

nounced a new rule and that the new rule is retroactive to cases on collateral review. *See Teague* at 308, 109 S.Ct. 1060 (noting that "it has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule").

■ In order to show that a Supreme Court decision announced a new rule, the petitioner must show that "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 301, 109 S.Ct. 1060. It seems clear from the reaction of the courts of appeals following *Apprendi* that it was not obvious that *Apprendi* required that sentencing enhancements, like those in the

case at bar or in *Blakely*, must be found beyond a reasonable doubt by a jury.[3] However, this is exactly what Lilly suggests that *Blakely* now requires. Such an interpretation of *Blakely*, if correct, was not foreseen by any of the courts of appeals after the Supreme Court decided *Apprendi*. It appears that this interpretation constitutes a new rule for purposes of determining retroactivity to cases on collateral review. Therefore, it becomes necessary to analyze this new rule under *Teague*.

■ Once it has been determined that the Supreme Court announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to

---

**3.** *See United States v. Caba,* 241 F.3d 98, 101 (1st Cir.2001) (dismissing an argument that *Apprendi* prohibited a judge from using a preponderance-of-the-evidence standard to find that the defendant possessed 143.7 grams of crack because the sentence under the increased guideline range was still within the maximum allowed under 21 U.S.C.A. § 841(b)(1)(C)); *United States v. Garcia,* 240 F.3d 180, 184 (2d Cir.2001) (holding that *Apprendi* does not prohibit a judge from finding, by a preponderance of the evidence, facts that increased a defendant's guideline range from 0–6 months to 27–33 months); *United States v. Williams,* 235 F.3d 858, 862 (3d Cir.2000) (holding that *Apprendi* does not apply to an increase in the Sentencing Guidelines based on facts found by a judge using a preponderance-of-the-evidence standard); *United States v. Sanders,* 247 F.3d 139, 150 (4th Cir.2001) (noting that *"Apprendi* holds that so long as the sentence is within the statutory range, a judge can increase a defendant's sentence on the basis of certain facts which need not be proven to a jury beyond a reasonable doubt"); *United States v. Doggett,* 230 F.3d 160, 166 (5th Cir.2000) (rejecting argument that *Apprendi* prohibits a judge from finding facts that increase the guideline range because the final sentence was lower than the maximum prescribed by 21 U.S.C. § 841(b)(1)(C)); *United States v. Corrado,* 227 F.3d 528, 542 (6th Cir.2000) (explaining that for *Apprendi* purposes the maximum sentence is the sentence prescribed by the statute, not

the sentence authorized by the Guidelines based on the facts found beyond a reasonable doubt by the jury); *United States v. Nance,* 236 F.3d 820, 824 (7th Cir.2000) (determining that *Apprendi* does not require the jury to determine drug quantity and type in order for the judge to enhance sentence under the Sentencing Guidelines); *United States v. Moss,* 252 F.3d 993, 996 (8th Cir.2001) (explaining that "[a] district court may always find relevant conduct under the Guidelines by a preponderance of the evidence"); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1026 (9th Cir.2000) (determining that the maximum sentence for *Apprendi* purposes was 8 U.S.C.A. § 1324(a)(1)(B)(i), instead of the guideline range based on the facts found beyond a reasonable doubt by a jury); *United States v. Jones,* 235 F.3d 1231, 1236–37 (10th Cir.2000) (concluding that the statutory maximum in *Apprendi* is the maximum under the statute, not the maximum under the Sentencing Guidelines based on the facts found beyond a reasonable doubt by the jury); *United States v. Nealy,* 232 F.3d 825, 829 (11th Cir. 2000) (using maximum sentence based on the statute, rather than maximum sentence under the guidelines based on facts found beyond a reasonable doubt by the jury, in *Apprendi* analysis); *United States v. Fields,* 251 F.3d 1041, 1044–45 (D.C.Cir.2001) (holding that *Apprendi* did not prohibit a judge from finding facts that increased a sentencing range as long as the final range was within the maximum allowed under the statute).

cases on collateral review. *See Schriro v. Summerlin,* —— U.S. ——, ——, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, *see id.,* or show that the new rule is a "watershed rule[ ] of criminal procedure." *Id.* at 2523 (internal quotation reference omitted).

In *Summerlin,* the Court found that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case that extended *Apprendi* to aggravating factors in capital cases, was a new procedural rule and was not retroactive. —— U.S. at ——–——, 124 S.Ct. at 2526–27. A similar analysis dictates that *Blakely* announced a new procedural rule and is similarly non-retroactive.

In determining if a rule is substantive, a court must look for evidence that the rule "alters the range of conduct or the class of persons that the law punishes." *Id.* at 2523. The decision in *Blakely* did not change the type of conduct or the class of persons that the law punishes. Rather, the decision required either that a defendant admit or a jury find beyond a reasonable doubt all facts used to enhance a sentence above the statutory maximum. The procedure relating to how those facts were determined, a preponderance-of-the-evidence standard by a judge or a beyond-a-reasonable-doubt standard by a jury, is what was at issue in *Blakely.* Therefore, *Blakely* announced a new procedural rule.

Defendants have argued in the past that *Apprendi* redefined the actual elements of the crimes, and therefore constituted a substantive rather than a procedural rule. A similar argument could be made in light of *Blakely,* and perhaps with more force due to the more expansive view of which facts must be found beyond a reasonable doubt by a jury. However, the Supreme Court has not suggested that defendants' convictions be overturned, but only that their sentences be reduced to that authorized by the facts found by the jury. Therefore, even assuming that *Blakely* applies to the USSG, the rule in *Blakely* does not alter the elements of the offense but merely requires that a jury find beyond a reasonable doubt any facts that the USSG requires in order to enhance a sentence. I find that the contention that the rule in *Blakely* changes the elements of a crime and is thus substantive is without merit.

In a very narrow core of cases, a procedural rule can be retroactive. This exception to the normal *Teague* rule is very rare, only occurring for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." —— U.S. at ——, 124 S.Ct. at 2524 (internal quotation reference omitted). Under *Teague,* this exception applies only "to those new procedures without which the likelihood of an accurate *conviction* is seriously diminished." *Teague,* 489 U.S. at 313, 109 S.Ct. 1060 (emphasis added). The question raised by Lilly, and that implicated by *Blakely,* is not whether or not the conviction is valid, but whether or not the sentence is valid. As noted above, *Blakely* does not implicate a defendant's conviction—it only impacts the length of the defendant's sentence.

In *Summerlin,* the Court determined that the watershed question in *Ring* was "whether judicial factfinding so *seriously* diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." —— U.S. at ——, 124 S.Ct. at 2525 (internal quotation reference omitted). The Supreme Court answered this question in the negative in its analysis of *Ring. Id.* The main difference between *Ring* and *Blakely* in this regard is the fact that *Ring* only dealt with the factfinder, while *Blakely* deals with both the factfinder and the standard of proof. Therefore, I must also determine whether

or not the standard of proof in *Blakely* implicates the accuracy of the conviction impermissibly and thus requires retroactive application of the new rule to cases on collateral review.

The Supreme Court's determination that *Ring* is not retroactive is particularly instructive in analyzing *Blakely* because both *Ring* and *Blakely* are extensions of *Apprendi*. In fact, *Ring* and *Apprendi* are so closely related that Justice O'Connor opined that the Court's holding in *Summerlin* that *Ring* was not retroactive, applied even more strongly to *Apprendi*. *See Blakely v. Washington,* —— U.S. at ——, 124 S.Ct. at 2549 (O'Connor, J., dissenting). This would harmonize the Supreme Court with the courts of appeals, all of which have previously found that *Apprendi* did not apply retroactively to cases on collateral review.[4]

In their assessments of the retroactivity of *Apprendi,* the various courts of appeals dismissed claims that the change in the standard of proof led to the conclusion that *Apprendi* was a watershed rule. The Fourth Circuit found that "an instruction that gives a proper reasonable doubt instruction but omits an element of the offense does not necessarily render a criminal trial fundamentally unfair." *United States v. Sanders,* 247 F.3d at 149. The court reviewed *Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), and *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), and determined that the failure of the trial court to submit a required element to the jury was subject to harmlesserror and plain-error analysis respectively.

The Supreme Court has noted that the watershed exception is an extremely narrow one. The Court stated that because "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." *Graham v. Collins,* 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (internal quotation reference omitted). In fact, the Supreme Court has not found a rule to be retroactive since the Court decided *Teague* in 1989. *See United States v. Mandanici,* 205 F.3d 519, 529 (2d Cir.2000) (citing eleven examples of new rules or proposed new rules in which the Supreme Court declined to find retroactivity).

For these reasons, I find that *Blakely* is a new procedural rule that does not meet the requirement of being a watershed rule of criminal procedure. This holding is in line with other federal district courts that have addressed this issue.[5] Therefore,

---

**4.** *See Sepulveda v. United States,* 330 F.3d 55, 61 (1st Cir.2003) (finding that *Apprendi* does not apply retroactively); *Coleman v. United States,* 329 F.3d 77, 90 (2d Cir.2003) (same); *United States v. Swinton,* 333 F.3d 481, 485 (3d Cir.2003) (same); *United States v. Sanders,* 247 F.3d 139, 151 (4th Cir.2001) (same); *United States v. Brown,* 305 F.3d 304, 310 (5th Cir.2002) (same); *Goode v. United States,* 305 F.3d 378, 382 (6th Cir.2002) (same); *Curtis v. United States,* 294 F.3d 841, 844 (7th Cir. 2002) (same); *United States v. Moss,* 252 F.3d 993, 997 (8th Cir.2001) (same); *Jones v. Smith,* 231 F.3d 1227, 1236 (9th Cir.2000) (same); *United States v. Mora,* 293 F.3d 1213, 1219 (10th Cir.2002) (same); *McCoy v. United States,* 266 F.3d 1245, 1256–57 (11th Cir.

2001) (same); *In re Smith,* 285 F.3d 6, 9 (D.C.Cir.2002) (same).

**5.** *See Orchard v. United States,* 332 F.Supp.2d 275 (D.Me.2004); *Morris v. United States,* 333 F.Supp.2d 759 (C.D.Ill.2004); *Jaubert v. Dretke,* 2004 WL 1923893, at *1 n. 3, 2004 U.S. Dist. LEXIS 17193, at *4 n. 3, (N.D.Tex. Aug. 27, 2004); *Concepcion v. United States,* 328 F.Supp.2d 372, 374 (E.D.N.Y.2004); *Rosario–Dominguez v. United States,* 2004 WL 1814021, at *9 n. 3, 2004 U.S. Dist. LEXIS 15995, at *26 n. 3, (S.D.N.Y. Aug. 16, 2004); *United States v. Lowe,* 2004 WL 1803354, at *3, 2004 U.S. Dist. LEXIS 15455, at *7 (N.D.Ill. Aug. 5, 2004); *Garcia v. United States,* 2004 WL 1752588, at *6, 2004 U.S. Dist. LEXIS 14984, at *15–18 (N.D.N.Y. Aug.

even assuming that *Blakely* invalidates sentences under the USSG, it will not apply retroactively to cases on collateral review.

For the sake of completeness, I also briefly note the other two situations in which retroactivity of a new rule comes into play. In the first, a petitioner is barred from filing a motion under § 2255 more than a year after her conviction becomes final. 28 U.S.C. § 2255 para. 6(1). If the petitioner's conviction became final more that a year prior to the Supreme Court's decision in *Blakely*, she would normally be barred from asserting a *Blakely* claim. However, under 28 U.S.C. § 2255 para. 6(3) a petitioner can attempt to show that the Supreme Court has announced a new rule that is retroactive. Such a showing would enable the petitioner to restart the one-year limitation period based on 28 U.S.C. § 2255 para. 6(3). However, the reviewing court would do a standard *Teague* analysis in order to determine retroactivity, just as this court has done in determining that *Blakely* would not apply retroactively for petitioners whose convictions became final prior to *Blakely* but who filed a timely petition after *Blakely*.

In the second case, a petitioner who has filed a previous motion under § 2255 is barred from filing a second or successive motion under § 2255 unless she first gets a certificate of appealability from the court of appeals. *See* 28 U.S.C. § 2255 para. 8. In order to obtain a certificate of appealability, a petitioner must show that subsequent to the denial of her initial motion under § 2255, there was "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *Id.* at para. 8(2). However, this would require the Supreme Court to specifically state that the rule was retroactive to cases on collateral review.

4, 2004); *United States v. Stoltz,* 325

Although it seems clear from the analysis and precedent that *Blakely* does not apply retroactively, one troubling statement remains to be considered. In her dissent in *Blakely,* Justice O'Connor noted that in spite of the holding that *Ring,* and thus *Apprendi,* is not retroactive to cases on collateral review, "all criminal sentences imposed under the federal and state guidelines since *Apprendi* was decided in 2000 arguably remain open to collateral attack." *See Blakely v. Washington,* — U.S. at ——, 124 S.Ct. at 2549 (O'Connor, J., dissenting). This statement suggests that there is some fundamental difference between *Ring* and *Blakely.*

The most obvious explanations for this difference in treatment are either that the standard of proof marks *Blakely,* but not *Ring,* as a watershed rule or that *Blakely* did not, in fact, announce a new rule, but instead merely clarified the rule in *Apprendi.* However, if the standard of proof made *Blakely* a watershed rule, then the same would be true of *Apprendi,* which also required the stricter standard of proof. While Justice O'Connor suggested that *Apprendi* was a watershed rule in her dissent, *see Apprendi v. New Jersey,* 530 U.S. at 524, 120 S.Ct. 2348 (O'Connor, J., dissenting), she went on to write in *Summerlin* that the analysis holding that *Ring* was not retroactive argued even more strongly that *Apprendi* should not be considered retroactive either. Therefore, an interpretation that Justice O'Connor believes that *Blakely* should be retroactive but *Apprendi* should not is internally inconsistent.

The possibility that *Blakely* was "*dictated* by precedent existing at the time the defendant's conviction became final," *Teague v. Lane,* 489 U.S. at 301, 109 S.Ct. 1060, is a more logical explanation. In fact, Justice O'Connor noted "the serious doubt

F.Supp.2d 982, 987 (D.Minn.2004).

that the holding cast on sentencing systems employed by the Federal Government." *Apprendi,* 530 U.S. at 524 (O'Connor, J., dissenting). If this were the case, then *Blakely* is not subject to a *Teague* retroactivity analysis, because it is not a new rule. If *Blakely* did not announce a new rule, then it is not retroactive to cases on collateral review; instead, a criminal defendant could have made a *Blakely* claim by citing *Apprendi.*

■ However, even if *Blakely* does apply to the USSG, and Justice O'Connor is correct that *Blakely* claims were available under *Apprendi,* Lilly's claims would still fail. The Supreme Court has noted that "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation reference omitted). Therefore, a petitioner procedurally defaults any claim that she failed to raise at trial or on direct appeal and is prevented from bringing that claim in a motion under § 2255 absent a showing of cause and actual prejudice. *Id.* at 622, 118 S.Ct. 1604.

Prior to the present action, Lilly did not argue that the Due Process Clause requires a jury to find beyond a reasonable doubt that the guns found at her house were used in connection with her underlying offense. Lilly only argued that the guns were not used in connection with the underlying offense. However, she did not argue that such a fact must be found beyond a reasonable doubt in order to enhance a sentence.

If the holding in *Blakely* was dictated by the holding in *Apprendi,* then there is no excuse for Lilly's failure to bring a claim based on *Blakely* several years after the Supreme Court decided *Apprendi.* An excuse that the claim was novel is unavailing. As evidenced by the cases in which courts of appeals determined that *Apprendi* was not retroactive, these arguments have been raised by many defendants ever since the Supreme Court issued its opinion in *Apprendi. See id.* (noting that a petitioner's claim was not novel if other defendants had brought identical claims previously).

A claim that such an argument would be futile because the courts of appeals did not recognize *Blakely* arguments is also without merit. The Supreme Court dismissed this exact argument, stating that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley,* 523 U.S. at 623, 118 S.Ct. 1604 (internal quotation reference omitted). Therefore, even if *Blakely* invalidates the USSG and that holding is available for Lilly to use, her failure to raise the issue at trial or on direct appeal bars Lilly from raising this claim for the first time under § 2255.

## III

The narrow question before me is whether the two-point enhancement for possession of a firearm in connection with the underlying offense violated the petitioner's Sixth Amendment right to a trial by jury. Lilly argues that under *Apprendi* and *Blakely,* the fact that she possessed the firearms in connection with the underlying offense must be found by a jury beyond a reasonable doubt or admitted by the defendant. Because the Fourth Circuit has ruled on this issue, I must deny Lilly's motion. In addition, even if *Blakely* makes the USSG unconstitutional it would not be applied retroactively and if it were applied retroactively, Lilly has not shown cause for failing to raise her claim at trial and on direct appeal.

An appropriate order will be entered herewith.