UNITED STATES of America

v.

**Willard John ALLEN,**

**No. CRIM.04–08—P–C.**

United States District Court,
D. Maine.

Nov. 16, 2004.

768

Renee M. Bunker, Office of the U.S. Attorney, District of Maine, Helene Kazanjian, Office of the U.S. Attorney, District of Maine, Portland, ME, for USA, Plaintiff.

Jeffrey W. Langholtz, Biddeford, ME, for Willard John Allen, Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND SUPERCEDING INDICTMENT

GENE CARTER, Senior District Judge.

Before the Court is Defendant's Motion to Dismiss the Second Superceding Indictment (Docket Item No. 156) recently filed. The Motion seeks dismissal of the most recent Superceding Indictment in this case for the reason that it violates the provisions of 18 U.S.C. § 3161(b) that requires any indictment of the Defendant to be filed within thirty (30) days from the date of his arrest. Defendant was arrested on January 4, 2004 and, thus, he is entitled to be tried on an indictment returned against him no later than February 3, 2004 that fully informs him of the charge made against him and of his penal exposure if convicted of that offense.

Here, the Government has filed an original indictment and two superceding indictments. On each one of those indictments, the Defendant stands exposed under 21 U.S.C. § 841(b)(1)(A) to a statutory term of imprisonment of ten (10) years to life.

The allegations of specific drug quantities involved in the two offenses charged in the Second Superceding Indictment can only be applied to affect the upper limit of the sentence *to which the Defendant will be exposed under the Sentencing Guidelines.* Whatever the effect is of a jury determination of drug quantity, it will not cause the sentence to be imposed to exceed the upper limit of the statutory range of the charged offenses under 21 U.S.C. § 841(b)(1)(A). It will not, therefore, cause a violation of the *Apprendi v. New Jersey* [1] principle even if the fact-finding rhetoric of the *Blakely v. Washington* [2] case is ultimately found to apply to sentences under the Sentencing Guidelines, a conclusion as to which I respectfully remain *dubitante.* Hence, the drug quantity determination is not an element of the offense charged in any of the indictments but is only a sentencing factor.

However, in light of the chance that it may be ultimately determined that *as a sentencing factor* it must be charged in the indictment and found by a jury beyond a reasonable doubt, it is properly subject to be considered by the jury, at the initiative of the Government. Once obtained, the finding can be given whatever effect is appropriate under the law as it stands at the time of the sentencing. In any event, Defendant is not in any way prejudiced by the allegation of specific drug quantities in the Second Superceding Indictment either in terms of his exposure to sentence or any in other respect as long as the question of the effect to be given at sentencing to the

---

1. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)

2. —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)

jury's determination of the drug quantity is reserved to the time of sentencing. *See United States v. Brown,* 335 F.Supp.2d 146, 149 (D.Me.2004)(Hornby, D.J.).

The Motion is hereby ***DENIED.***

***SO ORDERED.***