**UNITED STATES of America**

v.

**Steven REVOCK, Defendant.**

**Crim. No. 04–105–P–H.**

United States District Court, D. Maine.

Jan. 28, 2005.

Darcie N. McElwee, Office of U.S. Attorney, Portland, ME, for United States of America.

---

Henry W. Griffin, Lewiston, ME, for Steven Revock, Defendant.

## SENTENCING MEMORANDUM

HORNBY, District Judge.

Following *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and before *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this District required that facts supporting Sentencing Guidelines enhancements be proven to a jury beyond a reasonable doubt, unless the defendant stipulated to the relevant facts or consented to judicial factfinding. *See United States v. Zompa*, 326 F.Supp.2d 176, 176 (D.Me. 2004); *United States v. Fanfan*, No. 03–47, 2004 WL 1723114, at *5 (D.Me. June 28, 2004). Thus, enhancements proposed in a presentence report that were not supported by a factual stipulation[1] or a jury verdict were not applied. But following *Booker*, a stipulation or jury verdict is no longer necessary. *See* —— U.S. at ——, ——, 125 S.Ct. at 756, 767 (permitting courts to follow and directing them to consult the now-advisory Guidelines).

Steven Revock and Robert Harris jointly carried out the theft of six firearms from a licensed gun dealer in 2003. The Base Offense Level for that offense is 12. United States Sentencing Commission, *Guidelines Manual*, § 2K2.1(a)(7) (Nov. 2004). It is increased two levels if the offense involved six firearms. *Id.* § 2K2.1(b)(1)(A). Both Revock and Harris admitted those facts at their Guilty plea proceedings, where they pleaded Guilty to both theft and possession of stolen weapons. For each defendant, the presentence report proposed adding yet another two levels because one of the firearms had an obliterated serial number, *id.* § 2K2.1(b)(4), a fact not mentioned at the Guilty plea proceedings:

Harris was sentenced before *Booker* was decided. As a result, he received no enhancement for the obliterated serial number because there was no stipulation to that fact. Since the government did not appeal, Harris's sentence is final. Revock's sentence, on the other hand, was delayed and occurred soon after *Booker*. Thus, in Revock's case, I was able to find the fact of obliteration by a preponderance of the evidence and without a jury, so long as I treated the resulting Guideline calculation as advisory. *See Booker*, —— U.S. at ——, 125 S.Ct. at 756. In my advisory Guideline findings concerning Revock, I did find that one of the weapons had an obliterated serial number.

Both Harris and Revock accepted responsibility, with a resulting three-level decrease in the offense level. *Id.* § 3E1.1(a), (b). As a result, the Total Offense Level for Revock is 13, while Harris's was 11. They both have the same Criminal History, Category I. Therefore, the Guideline prison range for Harris was 6 to 14 months (I sentenced him to 10 months) but the range for Revock, solely by the accident that his sentence was delayed slightly, is 12 to 18 months. The two defendants are identical in all sentencing aspects but for this accident of date. The lawyers have not suggested and the case law does not support a Guideline-recognized basis for departure.[2]

---

1. In this district, the factual stipulation usually results from the defendant's agreement with the prosecution's version of the offense at the Rule 11 proceeding.

2. The First Circuit has held that the Guidelines do not permit a departure based on "a perceived need to equalize sentencing outcomes for similarly situated co-defendants, without more." *United States v. Thurston*, 358 F.3d 51, 78 (1st Cir.2004) (quoting *United States v. Wogan*, 938 F.2d 1446, 1448 (1st Cir.1991)).

Following *Booker*, —— U.S. at ——, 125 S Ct. at 757, I look to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether to apply the advisory Guideline sentence. One factor I consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Here the conduct is not just similar but identical and the defendants' records are also virtually identical. Yet Revock is confronting more time in prison. I conclude that the Guideline sentence for Revock impedes the statutory goal of sentencing uniformity.[3] I have considered all the other 3553(a) factors, and none of them counsels a different outcome. I therefore sentence Revock outside the Guideline range so that he receives the same sentence as Harris, 10 months.[4] The government agrees with my sentencing outside the Guideline range and observes that it did not (before *Booker*) expect to be able to obtain the two-level enhancement for obliteration and expected both defendants to receive the same sentence.

My decision today based upon the disparity factor of section 3553(a) represents a very narrow category of cases. It applies to defendants with similar records who engaged in joint criminal behavior where one participant—sentenced between *Blakely* and *Booker* without an appeal of the sentence—received the benefit of this District's post-*Blakely* approach, while the other participant was sentenced after *Booker*, without receiving the same benefit. The sentencing disparity that would result from applying the Guidelines in such a situation may sometimes warrant, as it does here, a sentence outside the Guideline range.

SO ORDERED.

---

**3.** I have also considered the statement in *Wogan*, 938 F.2d at 1449, that Congress sought to eliminate nationwide disparity. The modest reduction in sentence here, which will achieve uniformity between these two defendants, will have negligible effect on nationwide comparisons. There will not be a cumulative impact on nationwide comparisons because this variation from the Guidelines is only applicable under very limited circumstances, as discussed below.

**4.** Under this 10–month sentence, Revock will serve close to the same amount of time as he would under a Guideline sentence of 12 months and a day if he accrued the maximum discount for good behavior. *See* 18 U.S.C. § 3624(b)(1) (allowing a credit toward a sentence for satisfactory behavior for prisoners serving terms of more than one year). Some may argue that I should impose the Guideline sentence because the resulting time served would be close to that of Harris. But good-time credit is not guaranteed. Harris will serve only 10 months regardless of (noncriminal) behavior. Revock should serve the same.