UNITED STATES of America

v.

**Joe David FULK, Defendant.**

No. CRIM.A. 5:91CR00131.

United States District Court,
W.D. Virginia.
Harrisonburg Division.

April 15, 2005.

Roland M. L. Santos, Law Office of Roland Santos, Harrisonburg, VA, for Defendant.

Stephen U. Baer, United States Attorneys Office, Roanoke, VA, for United States of America.

### ORDER

MICHAEL, Senior District Judge.

Before the court is the defendant's letter motion for appointment of counsel, filed *pro se* on January 27, 2005. On April 23, 1992, the defendant was sentenced to a total of 510 months incarceration for various narcotics and firearms offenses. On March 7, 1996, the sentence was reduced to a total of 305 months. The defendant is seeking representation because he believes that the "recent Supreme Court decision" holding the federal sentencing system unconstitutional has "major implications" for his case. Although he does not cite the case by name, the defendant is clearly referring to *United States v. Booker*, ——— U.S. ———, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In addition, while the defendant does not say so explicitly, he appears to be considering a collateral attack on his sentence, presumably in the form of a petition pursuant to title 28 of the United States Code, section 2255, the federal habeas corpus statute. The defendant asks the court either to order his previous attorney to answer correspondence from the defendant, or to appoint new counsel.

A court may provide for representation of a financially eligible person seeking re-

lief under section 2255, if the appointment of counsel is required by "the interests of justice." Title 18, United States Code, section 3006A.

■ The rule announced in *Booker* does not apply retroactively to cases on collateral review. In *Booker,* the Supreme Court specified only that the holdings in that case apply to all cases on *direct* review. 125 S.Ct. at 769. Several courts have already found that *Booker* does not apply retroactively to cases on collateral review. *See, e.g., McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir.2005); *Humphress v. United States,* 398 F.3d 855, 863 (6th Cir.2005); *Varela v. United States,* 400 F.3d 864, 868 (11th Cir.2005). The *Booker* holding is not retroactive because it involves a procedural rather than a substantive rule, and it is not one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *McReynolds,* 397 F.3d at 481 (quoting *Schriro v. Summerlin,* — U.S. ——, 124 S.Ct. 2519, 2524, 159 L.Ed.2d 442 (2004)). Thus, *Booker* does not apply to criminal cases that were already final before the Supreme Court issued the *Booker* opinion on January 12, 2005. *Id. See also Lilly v. United States,* 342 F.Supp.2d 532, 535 (W.D.Va.2004) (holding, before *Booker,* that if the Supreme Court were to hold the federal guidelines unconstitutional, the new rule would not apply retroactively to cases on collateral review).

■ Because collateral review appears to be the only avenue for the defendant to challenge his sentence, and because *Booker* does not apply to collateral review, the defendant does not have any viable claim based on *Booker.* Consequently, it would not be in the interests of justice to appoint counsel—whether it be his previous attorney or another attorney—to advise the defendant regarding the filing of such an action.

In accordance with the foregoing, it is this day

### ADJUDGED AND ORDERED

that defendant's motion for appointment of counsel is hereby DENIED.