**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————————————

No. 04-2348

UNITED STATES OF AMERICA,
Appellee,

v.

RAYMOND E. WOODBURN, SR.,
Defendant, Appellant.

———————————————

No. 04-2360

UNITED STATES OF AMERICA,
Appellant,

v.

RAYMOND E. WOODBURN, SR.,
Defendant, Appellee.

———————————————

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

———————————————

Before

Boudin, Chief Judge,
Selya, Circuit Judge,
and Schwarzer,* Senior District Judge.

———————————————

Charles F. Willson and Nevins & Nevins LLP on brief for defendant.
Paula D. Silsby, United States Attorney, and Margaret D. McGaughey, Appellate Chief, on brief for the United States.

September 6, 2005

_____
*Of the Northern District of California, sitting by designation.

**Per Curiam**.  These sentencing appeals — one by the defendant and one by the government — arise out of a sentence imposed during the uncertain period between the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), and its subsequent decision in United States v. Booker, 125 S. Ct. 738 (2005).  Although Blakely foreshadowed the demise of the mandatory system of federal sentencing guidelines then in effect, it did not adumbrate the form (if any) in which the guidelines would survive.  Booker answered that question, see 125 S. Ct. at 756-57, but not in a way that had been widely anticipated.

The district court in this case, like every district court that confronted sentencing issues in the interval between Blakely and Booker, was forced to improvise.  The court here settled upon a methodology that it had developed in a similarly situated case.  See United States v. Zompa, 326 F. Supp. 2d 176, 178 (D. Me. 2004).  As matters turned out, Zompa did not correctly anticipate the contours of the Supreme Court's later decision in Booker.

Both sides objected at the time and both have now appealed from the sentence.  They argue that, in hindsight, the district court did not use an acceptable sentencing methodology. That is patently so.

We need go no further.  Under the peculiar circumstances of this case, it is our view that the district court ought to have

-3-

the first opportunity to reappraise the facts in light of <u>Booker</u>. We therefore summarily vacate the defendant's sentence and remand for resentencing. We express no opinion on what the sentence should be or on any of the district court's earlier sentencing determinations.

**<u>Vacated and remanded</u>**.