[No. D045081. Fourth Dist., Div. One. Apr. 15, 2005.]

In re SAM CONSIGLIO on Habeas Corpus.

**COUNSEL**

Sam Consiglio, in pro. per.; and John Ward, under appointment by the Court of Appeal, for Petitioner.

Bill Lockyer, Attorney General, and Lilia E. Garcia, Deputy Attorney General, for Respondent.

**OPINION**

**McCONNELL, P. J.**—In this case, we reject petitioner's contention the United States Supreme Court's decision in *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*) applies retroactively to cases that were final when the decision was issued. We also reject petitioner's contention the sentencing judge did not realize he had discretion to sentence concurrently.

### BACKGROUND

In *Blakely*, the United States Supreme Court held any fact (other than the fact of a prior conviction) that increases the punishment for a crime

beyond the "statutory maximum" must be found by a jury, rather than a sentencing judge. (*Blakely, supra*, 542 U.S. at p. 303 [124 S.Ct. at p. 2537].)

■ California's sentencing scheme permits a court to impose an upper term sentence if a judge finds the aggravating factors outweigh the mitigating factors and to impose consecutive sentences based on facts not necessarily found by a jury. (Pen. Code, §§ 1170, subd. (b), 669.) Petitioner states he is serving a 33-year prison term that includes both upper terms and consecutive sentences.

## DISCUSSION

### I

### *Retroactivity of Blakely*

■ When a decision of the United States Supreme Court results in a " 'new rule,' " it is only applied in very limited circumstances to convictions that are already final. (*Schriro v. Summerlin* (2004) 542 U.S. 348, 352 [159 L.Ed.2d 442, 124 S.Ct. 2519, 2522] (*Schriro*).) New rules may be either substantive or procedural. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes . . . . In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." (*Id.* at p. 2523, italics omitted.) "New rules of procedure . . . generally do not apply retroactively" to final cases because, in contrast to new substantive rules, "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." (*Ibid.*) "[O]nly a small set of ' "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding' " are given retroactive effect to final cases. (*Ibid.*)

The Supreme Court's reasoning in *Schriro* makes it clear the *Blakely* decision is not a watershed rule of criminal procedure that must be applied retroactively to final cases. In *Schriro*, the issue was whether a new rule requiring aggravating circumstances for imposition of the death penalty be found by a jury rather than a judge required retroactive application to final cases. The Supreme Court held it did not, explaining, "[r]ules that allocate decisionmaking authority [between a judge and jury] are prototypical procedural rules." (*Schriro, supra*, 542 U.S. at p. 353 [124 S.Ct. at p. 2523].) The court rejected an argument the case involved a watershed rule implicating the accuracy of the proceedings. (*Id.* at pp. 2524–2525.) In rejecting the argument, the Supreme Court noted it had declined to retroactively apply *Duncan v. Louisiana* (1968) 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444],

which applied the Sixth Amendment's jury-trial guarantee to the States, and observed that if retroactive application of a decision holding a "trial held entirely without a jury was not impermissibly inaccurate, it [was] hard to see how a trial in which a judge finds only aggravating factors could be." (*Schriro, supra,* 124 S.Ct. at p. 2526.) Similarly, there is no impermissible inaccuracy in pre-*Blakely* cases where a judge found the aggravating factors in a noncapital case.

Sam Consiglio contends *Schriro* is distinguishable because in that case, the court was reviewing a rule that changed the fact finder from the judge to the jury but did not alter the burden of proof whereas *Blakely* not only changed the fact finder from the judge to the jury but also altered the burden of proof from a preponderance of the evidence to beyond a reasonable doubt. In *Schriro,* both the judge and jury applied a reasonable doubt standard while prior to *Blakely,* a sentencing judge used a preponderance of the evidence standard and after *Blakely,* the jury uses a reasonable doubt standard. Consiglio argues this is such a significant difference that it renders *Blakely* a watershed rule of criminal procedure requiring retroactive application to final cases. This argument has been rejected by the courts in the context of reviewing the retroactivity of *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*), a precursor to the *Blakely* decision. In *Apprendi,* like *Blakely,* the court held that factual findings increasing a sentence beyond the statutory maximum must be made by the jury (or admitted by the defendant). (*Apprendi, supra,* at p. 483.) As in *Blakely,* the decision resulted not only in changing the fact finder from the judge to the jury but also in changing the burden of proof from preponderance of the evidence to beyond a reasonable doubt. The argument that *Apprendi* represented a watershed rule of criminal procedure requiring retroactive application to final cases because it changed the burden of proof has been rejected by the courts. (See, e.g., *United States v. Jenkins* (3d Cir. 2003) 333 F.3d 151, 153–154; *United States v. Sanders* (4th Cir. 2001) 247 F.3d 139, 149–151; *United States v. Brown* (5th Cir. 2002) 305 F.3d 304, 309; *United States v. Moss* (8th Cir. 2001) 252 F.3d 993, 999–1000; *United States v. Sanchez-Cervantes* (9th Cir. 2002) 282 F.3d 664, 669–670; *McCoy v. United States* (11th Cir. 2001) 266 F.3d 1245, 1257–1258.)

"As these courts have recognized, it is possible for a criminal defendant to have a fair and accurate trial without the new procedural protection offered by *Apprendi.* None of these cases have suggested that failure to submit [a factual question increasing a sentence beyond the statutory maximum] to a jury is structural error." (*United States v. Sanders, supra,* 247 F.3d at p. 150.) "*Apprendi* is not within this small core of cases [announcing a watershed rule]. The rule that it announces merely assures a previously convicted defendant that increased punishment, over and above the default statutory maximum, can only be imposed if the factual predicate

for the increase—other than a prior criminal conviction—is confirmed by a jury to a higher quantum of proof. . . . Although the *Apprendi* rule is important as a means of clarifying the proper factfinding roles of judge and jury, it affords an innocent defendant no additional shield from wrongful conviction. Refined to bare essence, the rule 'merely limits the potential penalty to be imposed on [an undoubtedly] guilty defendant' to that designated by statute." (*Sepulveda v. United States* (1st Cir. 2003) 330 F.3d 55, 61, first brackets added, second brackets in original.) "[T]here is 'little reason to believe that juries will have substantially different interpretations' " of sentencing findings and decisions than judges. (*United States v. Sanders, supra,* at p. 149.)

■ Since *Blakely* merely clarified or, at most, extended, the procedural rule announced in *Apprendi*—a rule that is not retroactive to final cases, therefore *Blakely* similarly does not apply retroactively to cases, like Consiglio's, that are already final. (*Lilly v. United States* (W.D. Va. 2004) 342 F.Supp.2d 532, 538; *People v. Amons* (2005) 125 Cal.App.4th 855, 867 [22 Cal.Rptr.3d 908]; see also *United States v. Booker* (2005) 543 U.S. 220 [160 L.Ed.2d 621, 125 S.Ct. 738] [limiting *Blakely*'s application to the federal sentencing scheme to pending cases that were not yet final].)

## II

### *Discretion to Sentence Concurrently*

■ Consiglio contends we should grant his petition because the sentencing judge did not realize he had the discretion to impose concurrent terms. To support this argument, Consiglio appends to his petition a number of letters reflecting correspondence between himself and the judge. These letters, inter alia, contain statements by the judge commenting on Consiglio's marriage and on Consiglio's health problems and explaining since he no longer had jurisdiction over Consiglio's case he could not provide the relief apparently requested by Consiglio. Nothing in the letters indicates that the judge, at the time of sentencing, did not realize he had the discretion to impose concurrent terms. In the absence of any evidence to the contrary, we must presume the judge was aware of his discretion and chose not to exercise it. (See *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831 [7 Cal.Rptr.2d 177] [absent a clear showing a sentencing decision was arbitrary or irrational, it must be presumed the trial court acted to achieve legitimate sentencing objectives]; *People v. Duvall* (1995) 9 Cal.4th 464, 474 [37 Cal.Rptr.2d 259, 886 P.2d 1252] [in an attack on a judgment by a petition for habeas corpus " 'all presumptions favor the truth, accuracy, and fairness of the conviction and sentence . . . .' "].) Consiglio has failed to establish the judge was unaware of his discretion to sentence concurrently.

## DISPOSITION

The petition is denied.

Aaron, J., concurred. Irion, J., concurred in the result.

Petitioner's petition for review by the Supreme Court was denied July 27, 2005.