Filed 4/22/13  P. v. Holquin CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL JOSEPH HOLQUIN,<br><br>    Defendant and Appellant. | B240389<br><br>(Los Angeles County<br>Super. Ct. No. VA117485) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County. Patrick T. Meyers, Judge.  Affirmed.

　　　　Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## SUMMARY

Appellant Paul Joseph Holquin was charged with one count of possession of child pornography. (Pen. Code, § 311.11, subd. (a).)[1] A jury convicted appellant after trial and he was placed on three years probation, the conditions of which included a prohibition against residing near, visiting or being within 100 yards of places where minors frequent or congregate. On appeal, appellant challenges the imposition of this condition arguing that the registered sexual offenders residency restriction requirement in section 3003.5, subdivision (b) applies only to parolees, and does not apply to probationers such as appellant, and that the trial court was under the mistaken belief that section 3003.5's residency restriction applied and was mandatory. Appellant further argues that the residency requirements of section 3003.5, subdivision (b), constitute cruel and unusual punishment.

Respondent agrees that the residency requirements of section 3003.5, subdivision (b), apply only to parolees, argues that the trial court recognized and properly exercised its discretion, and contends that appellant lacks standing to challenge the alleged unconstitutionality of the residency requirement.

We affirm.

## PROCEDURAL BACKGROUND

It is unnecessary to recite the facts of appellant's trial in order to resolve his contentions on appeal.

Appellant was convicted by a jury of one count of possession of matter depicting a minor engaging in sexual conduct in violation of section 311.11, subdivision (a).

At sentencing, the trial court granted formal probation to appellant for a period of three years, on condition, among others, that he serve 365 days in county jail, register as a convicted sex offender, "stay 100 yards away from and have no contact with all minor children" and not "reside near, visit, or be within 100 yards of places minors frequent or congregate, including, but not limited to, school yards, amusement parks, concerts,

---

[1] All subsequent statutory references are to the Penal Code.

2

theaters, playgrounds, beaches, swimming pools and arcades unless approved by the probation officer and supervised by an approved chaperone." Appellant did not object to any of these conditions at sentencing.[2]

## DISCUSSION

On appeal, appellant contends that in imposing the 100-yard residency restriction, "the trial court apparently believed appellant was subject to the residency restrictions authorized by Penal Code section 3003.5 . . ." which requires the imposition of a 2,000 feet residency restriction and also argues that the sentencing was "purely formulaic, indicating [the trial court's] belief that such restrictions were mandatory upon a grant of probation." Because, appellant argues, section 3003.5 applies only to parolees and not probationers like appellant, the trial court failed to exercise "informed discretion" in its sentencing decision because it was "unaware of the scope of its discretionary powers." Appellant then argues at length that the "automatic imposition" of section 3003.5's mandatory residency requirements "constitutes cruel and unusual punishment in each and every case." Appellant also asks this Court to excuse any forfeiture of the argument based on his failure to raise the issue to the trial court.

We disagree and affirm.

"A reviewing court is entitled to presume the sentencing court properly exercised its discretion in imposing sentence absent evidence to the contrary." (*People v. Montano* (1992) 6 Cal.App.4th 118, 121; *People v. Mosley* (1997) 53 Cal.App.4th 489, 496-497 [trial court is "presumed to have been aware of and followed the applicable law" including its sentencing discretion].) "[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, [the reviewing court] cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of [its] discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527; *In re Consiglio* (2005) 128 Cal.App.4th 511, 516 ["In

---

[2] Appellant did object, unsuccessfully, at sentencing to a probation condition prohibiting him from participating on any sharing site on a computer, including Facebook.

3

the absence of any evidence to the contrary, we must presume the judge was aware of his discretion and chose not to exercise it. [Citation.]".) Here, the record does not establish that the trial court was unaware of its discretion or failed to exercise it.

While appellant contends that the trial court mistakenly believed that appellant was subject to section 3003.5, subdivision (b)'s mandatory residency restriction, we believe it is apparent from the face of the trial court's order that it was not imposing a residency restriction based on that section. Section 3003.5 states: "(a) Notwithstanding any other provision of law, when a person is released on parole after having served a term of imprisonment in state prison for any offense for which registration is required pursuant to Section 290, that person may not, during the period of parole, reside in any single family dwelling with any other person also required to register pursuant to Section 290, unless those persons are legally related by blood, marriage, or adoption. . . . [¶] (b) Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather." (§ 3003.5, subds. (a) & (b).) Thus, under section 3003.5's residency restriction, appellant would have been prohibited without exception from residing within 2,000 feet of a school or park; in contrast, the trial court here imposed a condition of probation ordering appellant not "reside near, visit or be within 100 yards"—or 300 feet—"of places minors frequent or congregate" and "unless approved by the probation officer and supervised by an approved chaperone."

Accordingly, the record does not establish on its face that the trial court misunderstood the scope of its discretion by mistakenly believing it was bound by section 3003.5. Under appellant's argument, this court should presume that the trial court not only incorrectly concluded that section 3003.5 applied to appellant, despite appellant being on probation and not parole, but then incorrectly imposed conditions that were inconsistent with the terms of section 3003.5's residency restriction of 2,000 feet. Appellant's probationary sentence does not support such an argument. Indeed, it is clear that the trial court fashioned a condition of probation that was at odds with section 3003.5's explicit requirements.

Because we do not agree with appellant's assertion that he was sentenced under section 3003.5, we do not reach his challenge to the constitutionality of that section.

Finally, in his reply brief, appellant argues that the Attorney General has failed to articulate a relationship between "appellant's offense (possession of lewd images of children) and a condition of probation that would prohibit him from residing or otherwise being near all children" as "appellant was not convicted of touching or physically disturbing any child" and cites *People v. Lent* (1975) 15 Cal.3d 481, 486.  To the extent appellant is contending that the trial court abused its discretion in setting the probation conditions, we do not consider arguments raised for the first time in a reply brief.[3] (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

## DISPOSITION

The judgment of the trial court is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

MALLANO, P. J.

JOHNSON, J.

---

[3] We also note that failure to timely challenge a trial court's exercise of its broad discretion to set the terms of probation under *People v. Lent*, *supra*, 15 Cal.3d 481, forfeits the claim on appeal.  (*People v. Welch* (1993) 5 Cal.4th 228.)