Filed 6/30/15  P. v. Green CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CEDRIC TYRONE GREEN,<br><br>      Defendant and Appellant. | A141549<br><br>(San Mateo County<br>Super. Ct. No. SC041613A) |

This case comes to us under *People v. Wende* (1979) 25 Cal.3d 436 after defendant Cedric Tyrone Green, who is serving a third strike indeterminate life term, petitioned for recall of his sentence and for resentencing under the Three Strikes Reform Act of 2012.  He was found ineligible, and appealed.  Having conducted a full-record review, we find no issues that merit briefing.  We also address certain issues raised by Green on his own behalf.  We find no error warranting further consideration on our own or in anything Green has raised.  We therefore affirm.

## BACKGROUND

Green was convicted by jury verdict of second degree robbery (Pen. Code,[1] §§ 211, 212.5) in 1998, with two strike priors for attempted robbery from 1991 and 1993 (§§ 211, 212.5, 664, 667, subds. (b)-(j)), which also qualified as serious felony priors under section 667, subdivision (a).  He was sentenced to 35 years to life in prison and has been incarcerated ever since.  (§§ 667, subds. (a), (e), 1170.12, subd. (c)(2)(A)(ii).)

_____

[1] Statutory references are to the Penal Code.

1

Represented by counsel in the trial court, Green filed a petition to recall his sentence and for resentencing pursuant to section 1170.126. That statute permits inmates who were sentenced to a third-strike term for a relatively minor offense (non-violent and non-serious) to be resentenced in certain circumstances. Generally, it allows third-strikers who were sentenced to a third-strike term (indeterminate term of 25 years to life) to instead be given a second-strike sentence (double the base term). (§§ 667, subds. (e)(1), (e)(2)(C), 1170.126, subds. (a) [resentencing applies "exclusively to persons presently serving an indeterminate term of imprisonment . . . , whose sentence under this act would not have been an indeterminate life sentence"] & (b).)

Green's trial counsel seemed to recognize that his client was ineligible for resentencing under section 1180.126 because the commitment offense (the 1998 robbery) was a violent and serious felony (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19).) Nevertheless, in an apparent effort to secure a less onerous sentence, trial counsel requested the court to consider striking one of the prior convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

The court ruled that Green was statutorily ineligible for resentencing under section 1170.126 and denied the petition. It did not directly address the *Romero* request. Green filed a timely notice of appeal. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598–601 [denial of petition for resentencing is appealable order].)

On December 1, 2014, Green's appointed appellate counsel, a staff attorney at the First District Appellate Project (FDAP), filed a brief under *People v. Wende*, *supra*, 25 Cal.3d 436, requesting that we review the entire record to determine if there are any arguable issues to be briefed. Counsel notified Green of her intention to file a *Wende* brief and advised him of his right to file a supplemental brief on his own behalf within 30 days.

On December 29, 2014, Green's appellate counsel filed a request for an extension of time for Green to file a supplemental brief. We granted the extension. Within the time allowed, Green did not file a supplemental brief on the merits, but he did file (1) a motion to dismiss the *Wende* brief and request for leave to "amend appellant's brief, presenting

2

colorable claims," and (2) a motion for an enlargement of time to file an amended brief presenting "colorable claims and issues." Along with those motions, Green filed various items of correspondence between him and his appointed appellate attorney, evidently to support his argument that she had failed to raise meritorious issues that he had brought to her attention. We shall discuss his filings in connection with our disposition of the *Wende* brief. (*People v. Kelly* (2006) 40 Cal. 4th 106, 110.)

## DISCUSSION

The voters passed Proposition 36, known as the Three Strikes Reform Act of 2012 (Reform Act), in November 2012. The Reform Act added section 1170.126 to the Penal Code. The gist of the Reform Act was to make third strike sentencing applicable only when the commitment offense was a serious or violent felony. (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1509 (*Brown*).) The Reform Act allows a qualifying inmate serving an indeterminate third-strike term to petition to recall his sentence and be resentenced under the Reform Act itself. If the defendant otherwise meets the criteria set out in the statute, the court must resentence him under the second-strike provisions unless it determines that the defendant "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f); accord, *People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1204.)

Section 1170.126, subdivision (e) restricts the availability of resentencing to those whose commitment conviction was not for a serious or violent felony: "(e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that *are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (Italics added.) Robbery is defined as a serious felony (§ 1192.7, subd. (c)(19)) and a violent felony (§ 667.5, subd. (c)(9)). Thus, Green was not eligible for resentencing under the Reform Act.

The only remaining question is whether the court had discretion to strike one of Green's prior convictions in the interest of justice in order to resentence him more

3

leniently, as his counsel requested. This would have been an alternative means of reducing his sentence to a second-strike term, but not one authorized under section 1170.126. We note that Green made a *Romero* motion at sentencing in 1998, and it was denied.

The Fourth Appellate District, Division Two, recently held that a court does not have inherent discretion to strike a prior conviction on behalf of a defendant petitioning for resentencing, either under section 1385 or under *Romero*. (*Brown, supra,* 230 Cal.App.4th at p. 1514.) In *Brown* it was the nature of the prior conviction (a violent sex offense) that precluded resentencing under section 1170.126. (§ 667, subd. (e)(2)(C)(iv)(I); *Brown*, *supra*, 230 Cal.App.4th at pp. 1509–1510.) "A trial court does not have general jurisdiction to resentence a criminal defendant after execution of sentence has begun. [Citation.] Section 1385 does not grant the court such jurisdiction." (*Id.* at p. 1511.) This was true even though Brown's commitment offense was non-serious and non-violent (petty theft with a prior theft conviction). (*Id.* at p. 1506.) Thus, if Brown had been able to have his prior disqualifying conviction stricken, he would have been eligible for resentencing under the Reform Act.

It is even clearer in this case than it was in *Brown* that resentencing is not permissible under *Romero* or section 1385, for even if the trial court had stricken one of his prior convictions, Green still would not have been eligible for resentencing under section 1170.126, subdivisions (a), (b) and (e). Thus, there is no meritorious argument that he is entitled to resentencing. An issue is " 'meritorious' " for purposes of *Wende* review only if it has a " 'reasonable potential for success' " and would result in reversal or modification of the judgment if resolved favorably to the defendant. (*People v. Placencia* (1992) 9 Cal.App.4th 422, 425.) Neither *Romero* nor section 1385 can be construed to open up a broad opportunity for resentencing for inmates not otherwise statutorily eligible, nor was providing such an opportunity within the intent of the Reform Act.

Turning to Green's filings on his own behalf, he did not file a supplemental brief on the merits, except to argue that his "appellate attorney has not provided active and

4

vigorous appellate representation." A claim of ineffective assistance of appellate counsel requires a showing of both deficient performance and prejudice. (*In re Reno* (2012) 55 Cal.4th 428, 488.) Such a claim may be raised by an indigent defendant represented by appointed counsel, and if the appellate court agrees that the appellate attorney failed to raise significant meritorious issues, the defendant may be entitled to appointment of new counsel on appeal. (*People v. Lang* (1974) 11 Cal.3d 134, 139, 142; *People v. Rhoden* (1972) 6 Cal.3d 519, 529.)

Having reviewed the whole record and Green's attorney-client communications, we discern no basis for a claim of ineffective assistance of appellate counsel. No error of counsel appears on the face of the record, and we will not infer from the mere filing of a *Wende* brief that counsel's representation fell below professional norms. On the contrary, our review of the record convinces us that a *Wende* brief was appropriately filed. Moreover, counsel's correspondence shows that she responded at length to her client's concerns and explained why certain suggested arguments could not successfully be raised on appeal.

Green argues that he instructed his attorney not to file a *Wende* brief, but she filed one anyway. To the extent he suggests his attorney was required to follow his "order" that she file a brief on the merits or raise certain arguments, she clearly had no such obligation. The attorney is the " 'captain of the ship' " in deciding which legal issues should be raised (*People v. Welch* (1999) 20 Cal.4th 701, 728–729, 736; *In re Horton* (1991) 54 Cal.3d 82, 95; *People v. Freeman* (1994) 8 Cal.4th 450, 509) and appellate counsel has no obligation to raise frivolous issues at her client's behest (*Smith v. Robbins* (2000) 528 U.S. 259, 278; Rules Prof. Conduct, rule 3-200(B)).

If Green wishes to challenge the performance of any of his attorneys as ineffective, because he refers to matters outside the appellate record, the proper vehicle would be a petition for writ of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.) Even if we treated Green's filings as a habeas petition and addressed the issue on the merits, however, we would not find he had met the two-step standard for ineffective assistance set out in *Strickland v. Washington* (1984) 466 U.S.

668, 687. (See *Smith v. Robbins, supra,* 528 U.S. at p. 285 [adopting *Strickland* standard for assessing claims of ineffective assistance of appellate counsel]). Without assessing the performance prong, we conclude that a more favorable result could not have been achieved if appellate counsel had filed a brief on the merits of the resentencing issue.

Green wrote in a letter to his appellate counsel: "[There] are many cases like mine in which the defendant was deemed, by statute to be ineligible for Prop 36, because they had a robbery or burglary as a current conviction. Some of these cases have reached the California Supreme Court and a favorable decision may affect my current situation in a positive manner." He urged counsel to "be patient" and not "give up so easily." We have reviewed the Issues Pending before the California Supreme Court in Criminal Cases (<http://www.courts.ca.gov/documents/JUN1915crimpend.pdf> [as of June 25, 2015]), and we find no pending cases in which the decision potentially would result in a more favorable outcome for Green.

Nor do we see any merit to Green's substantive arguments, treating the whole of his filings (which include some legal citations) as a supplemental brief on the merits. Green's suggested arguments were: (1) His attorney in the trial court should not have raised both a *Romero* motion and a motion for resentencing under Proposition 36 at the same time. (2) When Green admitted his attempted robberies in 1991 and 1993 he was told that his convictions were serious felonies and would add five years to his sentence in the event of a future conviction. He wanted to argue that he relied on those statements as encompassing the only recidivist consequence of his pleas and hence he could not lawfully have been sentenced in 1998 to 35 years to life as a result of those same prior convictions. (But see *Doe v. Harris* (2013) 57 Cal.4th 64, 73.) (3) He believes he was entitled to a jury trial in 1998 on his prior convictions under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*). (But see *In re Consiglio* (2005) 128 Cal.App.4th 511, 515 [*Apprendi* not retroactive].) (4) He evidently believes he is entitled to some form of relief under Proposition 47. (5) He has some complaint about FDAP or the attorney appointed to represent him on appeal in 1998, suggesting they caused him to lose his direct appeal at that time and to miss a filing deadline for federal relief.

The first argument identified above (ineffective assistance of trial counsel at resentencing hearing) again fails at the outset for lack of prejudice. (*Strickland v. Washington*, *supra*, 466 U.S. at p. 697.) Given Green's clear ineligibility for resentencing under the Reform Act, we see no likelihood of a more favorable result had counsel pursued a different course in the trial court.

We also see no merit in Green's Proposition 47 argument. The resentencing provision of Proposition 47 is contained in section 1170.18, and reads as follows: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." A second degree robbery under section 211 subjects the perpetrator to imprisonment for two, three or five years, and would not qualify for misdemeanor sentencing under Proposition 47. (§ 213, subd. (a)(2).)

The rest of the issues identified in Green's correspondence address the legality of the three strikes sentence imposed in 1998 and the adequacy of legal representation in his prior appeal, going far outside the limited record on appeal in the present proceeding. Such claims are not cognizable in this appeal. They should have been raised in the original appeal or through a petition for writ of habeas corpus.[2] (See *People v. Carrasco* (2014) 59 Cal.4th 924, 980-981; *In re Harris* (1993) 5 Cal.4th 813, 829; *In re Waltreus* (1965) 62 Cal.2d 218, 225; *People v. Senior* (1995) 33 Cal.App.4th 531, 533 ["when a

---

[2] A search of court records shows that Green filed two habeas petitions in this court in 2001 (A095722, A096330), one in 2002 (A097573), and one in 2006 (A114034), and four such petitions in the Supreme Court in 2001 (S102565), 2002 (S104321), 2006 (S144839), and 2012 (S206505) . Thus, we must conclude Green is fully familiar with habeas procedure and capable of pursuing that relief if he so desires.

7

criminal defendant could have raised an issue in a previous appeal but did not do so, the defendant may be deemed to have waived the right to raise the issue in a subsequent appeal, absent a showing of good cause or justification for the delay"]; see also *People v. Murphy* (2001) 88 Cal.App.4th 392, 396–397.)

Underlying Green's plea for relief is the fundamental complaint that he has been "victimized by a most inhumane and draconian law." We glean from his correspondence with counsel that his robbery and attempted robbery convictions may have been based on purse snatchings or other unarmed conduct, rather than a more aggravated form of robbery. Be that as it may, our recidivism statutes treat all robberies as serious and violent felonies. (§§ 667.5, subd. (c)(9) ["any robbery"], 1192.7, subd. (c)(19).) Unless and until the Legislature or the voters adopt an ameliorating statute for which Green qualifies, he remains subject to three strikes sentencing based on his criminal record. Trying to fit himself within the purview of the Reform Act simply was doomed to fail, through no fault of his appellate attorney.

It is not entirely clear to us what relief Green seeks in his request for enlargement of time to file an amended brief. He obviously wants more time to have a brief filed on his behalf, but it is not clear whether he intends to file that brief himself, whether he is asking us to appoint another attorney to replace his current appointed counsel (a request he has not made explicit),[3] or whether he is asking us to order his current counsel to file a brief raising his perceived "colorable" issues. While it appears to us that the most likely object of Green's motion is the last of these alternatives, and as such his request is untenable under *Wende*, we see no basis for any of these three forms of relief.

Green's motion to dismiss the *Wende* brief seems to suggest he does *not* wish to file his own supplemental merits brief because that would cause the appeal to be "no longer subject to the dictates of *Wende*," citing *People v. Skenandore* (1982) 137

---

[3] We do not construe Green's filings as a request that we appoint a new attorney to represent him on appeal. Even if we did, we would not grant the request, as we are convinced Green received effective representation in this appeal and see no justification for appointment of a second attorney.

Cal.App.3d 922, 924.  (See *People v. Woodard* (1986) 184 Cal.App.3d 944, 945–946.) Thus, Green seems to want full-record review, but he also wants to have specific issues addressed in briefing by a trained advocate.  He cannot have it both ways.  Though the *Wende* procedure allows for filing of a pro se brief in connection with the court's record review (*People v. Kelly*, *supra*, 40 Cal.4th at p. 110; *Anders v. California* (1967) 386 U.S. 738, 744 [time must be allowed the defendant "to raise any points that he chooses"]), a criminal defendant has no constitutional or state law right to self-representation on appeal.  (*Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152, 162–164; *People v. Scott* (1998) 64 Cal.App.4th 550, 579.)  Accordingly, he has no right to dictate to his attorney which legal theories she should pursue.  (See *People v. Rodriguez* (2014) 58 Cal.4th 587, 624 [trial counsel].)  Based in part on Green's own statement declining to file a supplemental brief, we deny his request for more time for more briefing.

We conclude that appointed appellate counsel performed her duties competently, Green received effective assistance of counsel on appeal, and no arguable issues exist for briefing.

## DISPOSITION

The order denying the petition to recall the sentence and for resentencing is affirmed.  Green's motion to dismiss the *Wende* brief is denied, and his request for enlargement of time to file an amended opening brief is denied.

9

_____
Streeter, J.

We concur:


_____
Ruvolo, P. J.


_____
Reardon, J.